UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS COWART,<br><br>　　　　　　Plaintiff,<br>　　v.<br>MARINA DEL REY SHERIFFS,<br><br>　　　　　　Defendants. | No. 2:24-cv-02900-DSF-AJR<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.

## INTRODUCTION

On April 10, 2024, Plaintiff Chris Cowart ("Plaintiff"), a California resident proceeding *pro se*, filed a "Pleading Page For A Complaint," construed as a civil rights action pursuant to 42 U.S.C § 1983 (the "Complaint"). (Dkt. 1; Dkt. 1-1 at 1.) The Complaint names as the only Defendant, the "Marina [d]el Rey Sheriffs." (Id.) On April 25, 2024, the Court issued an Order dismissing the Complaint with leave to amend for various pleading deficiencies. (Dkt. 6.) On May 6, 2024, Plaintiff filed the operative First Amended Complaint (the "FAC"). (Dkt. 8.) The FAC names Marina del Rey Sergeant Doe 1 and Deputies Doe 2, Doe 3, and Doe 4, all

sued in their individual capacities (collectively "Defendants"). (Id. at 2-3.) For the reasons set forth below, the FAC must be dismissed with leave to amend.

## II.

## PLAINTIFF'S ALLEGATIONS IN THE FAC

The factual allegations in the FAC[1] resemble those in the original Complaint. From what the Court can decipher, Plaintiff alleges three incidents. In the first incident, on October 25, 2023, at approximately 7:00 p.m. on the corner of Gage Street and Broadway Street in Los Angeles, Plaintiff was detained by the California Highway Patrol ("CHP") for "evading the sheriffs." (Dkt. 8 at 4, 7.) Defendant Deputy Doe 2 removed Plaintiff from the CHP vehicle and "forcefully pushed" Plaintiff about 200 feet towards the Marina del Rey Sheriff's vehicle. (Id. at 4, 8.) The "deputies" from the Marina del Rey Sheriff's Department then used excessive force by assaulting and battering Plaintiff when they were placing him in the back seat of the police vehicle. (Id. at 7.) Plaintiff was neither resisting arrest nor acting aggressively and repeatedly told several deputies at the scene that the handcuffs were too tight, causing his hands to go numb and eventually sustaining nerve damage to both hands. (Id. at 5, 8-9.) Plaintiff was in the police car for 15 to 20 minutes and at one point, "started hitting the door, with [his] knee." (Id. at 7-8.) Plaintiff was transported to a Marina del Rey hospital because he had vomited in the police car, resulting in his lower dentures falling out at the original location. (Id. at 8.)

In the second incident, on October 25, 2023 at 9:00 p.m., Plaintiff arrived at the Marina del Rey Sheriff's station and "asked to speak with someone, concerning making a formal complaint" against Deputy Doe 2 for pushing him from the CHP

---

[1] Plaintiff indicates that there are at least three attachments to the FAC labeled as Attachments A, B, and C. (Dkt. 8 at 7.) However, the attachments are not included with the copy of the FAC in the record.

car to the Sheriff's car.  (Id. at 7-8.)  The "deputy attacked or assaulted [Plaintiff], for reporting [the] excessive force" incident.  (Id. at 9.)  Defendant Sergeant Doe 1 and Deputy Doe 3 were negligent and breached their duty of care by failing to intervene on the unknown deputy's attack on Plaintiff.  (Id.)

In the third incident on October 26, 2023 at approximately 2:00 p.m., Plaintiff alleges that while he was walking out of his detention cell to be transferred to the Los Angeles County Jail, Deputy Doe 4 "violently shove[d]" Plaintiff and stated, "what do[es] [Plaintiff] expect to accomplish by filing a complaint."  (Id.)  Deputy Doe 4 "shoved [Plaintiff] hard enough to where [he] could of [been] knock[ed] down, or into the wall."  (Id.)  Plaintiff alleges that the deputies' use of excessive force aggravated and exacerbated his pre-existing spinal injury.  (Id. at 5, 8.)

Plaintiff appears to allege a Fourth Amendment excessive force claim, as well as state law negligence, assault and battery, and intentional infliction of emotional distress claims.  (Id. at 5.)  Plaintiff seeks $2,001,200 in mental anguish, pain and suffering, future medical expenses, and "emotional duress."  (Id.)

### III.
### STANDARD OF DISMISSAL OF *PRO SE* COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte "where the claimant cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources").  The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared.  See Abagnin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); see also Reunion, Inc. v. F.A.A., 719 F. Supp. 2d 700, 701

3

n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

Moreover, when a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. See Byrd v. Phoenix Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018); Hoffman v. Preston, 26 F.4th 1059, 1063 (9th Cir. 2022) ("We construe pro se complaints liberally and afford the petitioner the benefit of any doubt."). In giving liberal interpretation to a *pro se* complaint, the Court may not, however, supply essential elements of a claim that were not initially pled. See Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014). The Court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted).

## IV.
## DISCUSSION

**A.      The FAC Violates Federal Rule Of Civil Procedure 8.**

In Plaintiff's prior pleading, the Court advised Plaintiff of the requirements of Rule 8 of the Federal Rules of Civil Procedure. In particular, the Court advised Plaintiff of the requirement that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Smith v. Cty. & Cnty of Honolulu, 887 F.3d 944, 951 (9th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(2)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Yet, the FAC again is neither plain, short, nor simple. Rather, the allegations in the FAC fail to contain a coherent factual narrative and leaves

4

uncertain the nature of Plaintiff's claims.  See Cafasso , U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (under Rule 8, a court may dismiss confused, ambiguous and unintelligible pleading); Patterson v. Old Republic Title Co., 2012 WL 2450710, at *2 (E.D. Cal. June 26, 2012) (dismissing, on screening, a complaint which was "disorganized to the point of confusion" and failed to "contain a coherent factual narrative" or a short and plain statement of facts supporting each claim).

      While the factual allegations in the FAC are more specific than the prior Complaint, there are no paragraph breaks or clear indications of which cause of action or defendants are being discussed, making it difficult to understand.  For example, Plaintiff's "Cause of Action One" contains no specific claim or factual allegations against any specific defendant(s).  Cause of Actions Two and Four do not specify the specific defendant(s) against whom Plaintiff wishes to pursue the claims against.  Indeed, the FAC fails to provide all Defendants with fair notice of the claims in a clear and concise statement.  A complaint is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory."  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Cafasso, U.S. ex rel., 637 F.3d at 1059; see, e.g., Steinley v. Health Net, Inc., 2018 WL 6985318, at *5 (C.D. Cal. Dec. 4, 2018) ("Generally, '[u]ndifferentiated pleading against multiple defendants is improper' because it fails to give each defendant notice of the specific allegations and claims that pertain to it."); E.D.C. Tech., Inc. v. Seidel, 2016 WL 4549132, at *9 (N.D. Cal. Sept. 1, 2016) ("Courts consistently conclude that undifferentiated pleading against multiple defendants is improper."  (brackets and internal quotation marks omitted)).

      Should Plaintiff choose to file an amended complaint, he is advised to clearly identify the nature of the legal claims he is bringing, the specific facts giving rise to each claim against each individual defendant, and the relief sought.

B. **Plaintiff Has Not Shown Compliance With The Claims Presentation Requirement Of The California Government Claims Act.**

To the extent Plaintiff is asserting a state tort claim for intentional infliction of emotional distress ("IIED") or negligence, these claims are subject to the California Government Claims Act. Plaintiff has not shown compliance with the California Government Claims Act.

In order to pursue a tort claim against a public entity or public employee under California state law, Plaintiff must establish that he has complied with the claim presentation requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 627 (9th Cir. 1988). "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775 (1993); Cal. Gov't Code § 950.2. "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." Cty. of Stockton v. Super. Ct., 42 Cal. 4th 730, 738 (2007) (citation and internal quotations omitted).

Compliance with the claims presentation requirement is an element of the plaintiff's claim. See State of Cal. v. Super. Ct. (Bodde), 32 Cal. 4th 1234, 1243-44 (2004); see also Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007) ("Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against defendant . . . and thus an element of the plaintiff's cause of action." (internal quotation marks omitted)); United States v. State of Cal., 655 F.2d 914, 918 (9th Cir. 1980) ("Compliance with California's claim filing statute is . . . an element of a cause of action against the state."). Plaintiff bears the burden of proof to show compliance with the claims presentation requirement. See Cal. Evid. Code § 500 ("Except as otherwise provided by law, a party has the burden of proof as to each fact the

6

existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."); Becerra v. McClatchy Co., 69 Cal. App. 5th 913, 950 (2021) ("Under Evidence Code section 500, the plaintiff generally bears the burden of establishing the elements of his or her cause of action.").

The California Government Claims Act also defines the public entity's responsibilities once it receives a written claim for money or damages. The governing board of the public entity may act on a claim by rejecting it, allowing it, or compromising it. See Cavey v. Tualla, 69 Cal. App. 5th 310, 329 (2021) (citing Cal. Gov't Code § 912.6(1)). Generally, the board must act "within 45 days after the claim has been presented." Cal. Gov't Code § 912.4(a). If the board fails or refuses to act within the specified time, the claim is deemed to have been rejected. See Cal. Gov't Code § 912.4(c).

"Regardless of whether the public entity acts or chooses not to act on a claim, the Government Claims Act requires written notice to the claimant or the claimant's representative." Cavey, 69 Cal. App. 5th at 329. Section 913(a) states that "[w]ritten notice of the action taken . . . or the inaction that is deemed rejection under Section 912.4 shall be given in the manner prescribed by Section 915.4." Cal. Gov't Code § 913(a). In relevant part, the public entity must provide the claimant with a written notice by using any of the following methods: (1) personally delivering the notice to the person presenting the claim, or (2) mailing the notice to the address, if any, stated in the claim. See Cal Gov't Code § 915.4(a). "No notice need be given where the claim . . . fails to state either an address to which the person presenting the claim . . . desires notices to be sent or an address of the claimant." Id.

Here, Plaintiff once again has not pled sufficient facts demonstrating his compliance or excuse for noncompliance with the claims presentation requirements of the Government Claims Act. Plaintiff alleges that in January 2024, Plaintiff mailed two separate claims for damages to an unidentified entity. (Dkt. 8 at 10.) The first claim was for replacement of Plaintiff's dentures and the second claim for

alleged excessive force, negligence, and two separate incidents of assault and battery. (Id.) Plaintiff alleges that he never received a response on the two claims. (Id.) Plaintiff fails to identify, if any, the public entity with whom he filed his state tort claims. If Plaintiff presented his state tort claims to the proper public entity in January 2024, Plaintiff should have already received a written response from the public entity. Thus, if Plaintiff choses to amend his complaint, Plaintiff should state the public entity to which he mailed the claims and provide the Court with a copy of the written notice from the public entity.

## V.

## ORDER

The First Amended Complaint is dismissed with leave to amend. On or before **July 8, 2024**, Plaintiff shall file a Second Amended Complaint ("SAC") that attempts to remedy the identified defects. If Plaintiff chooses to file a SAC, it should bear the docket number assigned to this case (2:24-cv-02900-DSF-AJR), be labeled "Second Amended Complaint," and be complete and of itself without reference in any manner to the original Complaint, the First Amended Complaint, or any other document (except any document that Plaintiff chooses to attach to the SAC as an exhibit). Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. <u>Should Plaintiff decide to file a SAC, he is encouraged to utilize the Pro Se 15 form complaint attached to this Order</u>.

**Plaintiff is explicitly cautioned that failure to timely file a SAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule

of Civil Procedure 41(a)(1).  <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.

IT IS SO ORDERED.

DATED:    June 7, 2024

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c). Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner), available at https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.