UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS COWART,<br><br>    Plaintiff,<br>  v.<br>SERGEANT DOE 1, et al.,<br><br>    Defendants. | No. 2:24-cv-02900-DSF-AJR<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.
## INTRODUCTION

On April 10, 2024, Plaintiff Chris Cowart ("Plaintiff"), a California resident proceeding *pro se*, filed a "Pleading Page For A Complaint," construed as a civil rights action pursuant to 42 U.S.C § 1983 (the "Complaint"). (Dkt. 1; Dkt. 1-1 at 1.) The Complaint names as the only defendant, the "Marina [d]el Rey Sheriffs." (Id.) On April 25, 2024, the Court dismissed the Complaint with leave to amend for various pleading deficiencies. (Dkt. 6.) On May 6, 2024, Plaintiff filed the First Amended Complaint (the "FAC"). (Dkt. 8.) The FAC names Marina del Rey Sergeant Doe 1 and Deputies Doe 2, Doe 3, and Doe 4, all sued in their individual

capacities. (Id. at 2-3.) On June 7, 2024, the Court dismissed the FAC with leave to amend for continued pleading deficiencies. (Dkt. 14.) On June 20, 2024, Plaintiff filed the operative Second Amended Complaint (the "SAC"). (Dkt. 15.) The SAC names as defendants Sergeant Doe 1 and Deputies Doe 2, Doe 3, and Doe 4, all sued in their official and individual capacities (collectively "Defendants"). (Id. at 2-3.) For the reasons set forth below, the SAC must be dismissed with leave to amend.

## II.

## PLAINTIFF'S ALLEGATIONS IN THE SAC

The factual allegations in the SAC resemble those in the original Complaint and FAC. Plaintiff alleges three incidents that occurred between October 25-26, 2023. In the first incident, Plaintiff was detained by the California Highway Patrol ("CHP") for "evading the sheriffs." (Dkt. 15 at 4, 7.) Defendant Deputy Doe 2 removed Plaintiff from the CHP vehicle and "forcefully pushed" Plaintiff about 200 feet towards the Sheriff's vehicle. (Id. at 4.) Deputy Doe 2 intentionally used excessive force when he placed handcuffs on Plaintiff extremely tight and refused to adjust them despite Plaintiff's two requests. (Id. at 7.) The tight handcuffs caused Plaintiff's hands to go numb and he eventually sustained nerve damage to both hands, to which he sought medical treatment from a neurologist and an orthopedist. (Id. at 5, 7.)

In the second incident, Plaintiff alleges that he was removed from his cell by "the Sergeant" so he could make "a formal complaint, for excessive force" against Deputy Doe 2 for pushing him from the CHP car to the Sheriff's car. (Id. at 7-8.) While making the complaint, Deputy Doe 3 "violently shoved [Plaintiff] toward the wall" in retaliation for Plaintiff making a complaint. (Id. at 7.) Defendant Sergeant Doe 1 "started shouting 'stop resisting,'" but Plaintiff alleges that he was not "acting aggressive nor loud or moving around." (Id. at 7-8.) Defendant Sergeant Doe 1 breached his duty of care by failing to intervene on Deputy Doe 3's attack on

2

Plaintiff. (Id. at 7.)

In the third incident, Plaintiff alleges that while he was walking out of his detention cell to be transferred to another jail, Deputy Doe 4 "violently shove[d] [Plaintiff] toward the wall" and stated, "what do[es] [Plaintiff] expect to accomplish[] [b]y making a complaint against the other Deputy." (Id. at 8.) Plaintiff alleges that the deputies' use of excessive force aggravated and exacerbated his pre-existing spinal injury. (Id. at 5, 8.)

Plaintiff further alleges that he mailed two claims to the Executive Office of the Los Angeles County Board of Supervisors in January 2024. (Id. at 8-9.) The first claim was for $1,200, the cost of the replacement of Plaintiff's lower dentures. (Id. at 9.) The second claim was for $250,000 in damages for excessive force, assault, battery, and negligence. (Id.) Plaintiff alleges that his letters were neither returned to him by the post office nor has he received a response from the Board of Supervisors. (Id.)

Plaintiff appears to allege a Fourth Amendment excessive force claim, as well as state law negligence, assault and battery, and intentional infliction of emotional distress claims. (Id. at 5.) Plaintiff seeks damages in an unspecified amount for the replacement of lower dentures, mental anguish, pain and suffering, future medical expenses, "emotional duress," and punitive damages. (Id.)

### III.
### STANDARD OF DISMISSAL OF *PRO SE* COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial

3

resources"). The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See <u>Abagnin v. AMVAC Chem. Corp.</u>, 545 F.3d 733, 742-43 (9th Cir. 2008); <u>see also</u> <u>Reunion, Inc. v. F.A.A.</u>, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

Moreover, when a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. See <u>Byrd v. Phoenix Police Dep't</u>, 885 F.3d 639, 642 (9th Cir. 2018); <u>Hoffman v. Preston</u>, 26 F.4th 1059, 1063 (9th Cir. 2022) ("We construe pro se complaints liberally and afford the petitioner the benefit of any doubt."). In giving liberal interpretation to a *pro se* complaint, the Court may not, however, supply essential elements of a claim that were not initially pled. See <u>Litmon v. Harris</u>, 768 F.3d 1237, 1241 (9th Cir. 2014). The Court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted).

## IV.
## DISCUSSION

**A.     Plaintiff's Official Capacity Claims Against Defendants Are Defective.**

Plaintiff sues Defendants for damages in both their individual and official capacities. (Dkt. 15 at 2-3.) As the Court previously advised Plaintiff, the Court must construe Plaintiff's claims against the Marina del Rey Sheriffs and Deputies as claims against the Los Angeles County Sheriff's Department, and therefore the

County of Los Angeles.[1]  Thus, the Court must construe Plaintiff's official capacity claims against the individual Doe Defendants as claims against the County of Los Angeles.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  A plaintiff may not sue the County of Los Angeles or the Los Angeles County Sheriff's Department for alleged constitutional violations on a theory of *respondeat superior*, which is not a theory of liability cognizable under Section 1983.  See Connick v. Thompson, 563 U.S. 51, 60 1359 (2011); Iqbal, 556 U.S. at 676; Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).  This means that the County cannot be sued simply because Sergeant Doe 1 and Deputies Does 2 through 4 of the Los Angeles County Sheriff's Department allegedly violated Plaintiff's constitutional rights.  Instead, the County may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage.  See Bd. of Cnty. Comm'r of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. N.Y. Cty. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978) ("Monell"); see also Horton by Horton v. Cty. of Santa Monica, 915 F.3d 592, 603-04 (9th Cir. 2019) ("[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to . . . a pervasive practice or custom.").

A plaintiff seeking to impose liability on a municipality under Monell must allege facts showing that:  (1) the constitutional violation was the result of a governmental policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act.  See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir.

---

[1] The Court takes judicial notice of the fact that the Marina del Rey Sheriff's station is a local station within the organization of the Los Angeles County Sheriff's Department.  See https://lasd.org/marina-del-rey/ (last visited on 7/3/24); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 999 (9th Cir. 2010) (holding information made publicly available on official government websites appropriate for judicial notice).

5

1992). Here, once again, the SAC does not contain any allegation that Plaintiff was harmed pursuant to a policy, custom, or practice of the Los Angeles County Sheriff's Department. Thus, Plaintiff's bare allegations are insufficient to bring a lawsuit against the Los Angeles County Sheriff's Department in the absence of any allegation that Plaintiff was harmed pursuant to a policy, custom, or practice of the Los Angeles County Sheriff's Department.

Additionally, liability under Monell may not be predicated on "isolated or sporadic incidents," but "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014). Thus, the SAC does not contain sufficient allegations to plead a cognizable Monell claim against the Los Angeles Sheriff's Department or the County of Los Angeles under these standards and must be dismissed with leave to amend. As the Court previously noted, if Plaintiff wants to pursue a claim against the deputy sheriffs in their official capacities, he will need to file an amended complaint with additional facts supporting the conclusion that the deputy sheriffs acted pursuant to a policy, custom, or practice of the Los Angeles County Sheriff's Department. Or alternatively, if Plaintiff does not believe that the deputy sheriffs acted pursuant to a policy, custom, or practice of the Los Angeles County Sheriff's Department, he can file an amended complaint that names the deputy sheriffs in their individual capacities only.

## V.

## ORDER

The Second Amended Complaint is dismissed with leave to amend. On or before **August 7, 2024**, Plaintiff shall file a Third Amended Complaint ("TAC") that attempts to remedy the identified defects. If Plaintiff chooses to file a TAC, it should bear the docket number assigned to this case (2:24-cv-02900-DSF-AJR), be

6

labeled "Third Amended Complaint," and be complete and of itself without reference in any manner to the original Complaint, the First Amended Complaint, Second Amended Complaint, or any other document (except any document that Plaintiff chooses to attach to the TAC as an exhibit).  Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant.  <u>Should Plaintiff decide to file a TAC, he is encouraged to utilize the Pro Se 15 form complaint attached to this Order</u>.

**Plaintiff is explicitly cautioned that failure to timely file a TAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**  Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.

IT IS SO ORDERED.

DATED:    July 8, 2024

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner), available at https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.