**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS COWART,<br>Plaintiff,<br><br>v.<br><br>RAFAEL CARDENAS, et al.,<br>Defendants. | CV 24-2900 DSF (AJR)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative Third Amended Complaint (Dkt. 17), Defendants' Motion for Summary Judgment (Dkt. 67), Plaintiff's Motions to Strike and for Sanctions (Dkts. 75, 76), Defendants' Oppositions to those Motions (Dkts. 77, 78), the Report and Recommendation of United State Magistrate Judge ("Report"; Dkt. 81), Plaintiff's Objections to the Report ("Objections"; Dkt. 82), Defendants' Response to the Objections ("Response"; Dkt. 83), and other relevant records on file.

As Defendants note in their Response, Plaintiff's Objections narrowly address only one of the remaining Defendants: Deputy Fernando Lemus. (Dkt. 82 at 1-2; Dkt. 83 at 12). Accordingly, although the Court has considered the entire Report and related filings, its de novo review is limited to the Report's findings and recommendations as to that Defendant. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."); (Dkt. 80 ("Failure to object . . . shall be deemed a consent to any proposed findings of fact.").

Plaintiff repeats his excessive force argument that the handcuffs placed on him by Defendant Lemus were overly tight and he informed the officer of that. (Compare Dkt. 17 at 7 and Dkt. 73 at 2-3, 9-15 with Dkt. 82 at 1-2). But that was discussed in detail in the Report. (Dkt. 81 at 15-18, 20). Plaintiff has pointed to nothing the Report overlooked, and instead simply presents a general reiteration of his claim. See, e.g., Alcazar v. Cantu, No. CV-24-03342-PHX-JAT, 2025 WL 2304357, at *1 (D. Ariz. Aug. 11, 2025) ("[S]imply repeating arguments . . . is not a proper objection." (internal quotation marks and citation omitted)).

Similarly, Plaintiff repeats his allegation that the assigned Magistrate Judge is biased and should be recused. (Dkt. 82 at 1). The Court previously found that nothing Plaintiff had presented "even purports to legitimately suggest extrajudicial bias" and therefore denied his prior recusal motion. (Dkts. 52, 59). Plaintiff's blanket reassertion of judicial bias here provides no reason to revisit that determination. (Dkt. 82 at 1).

Accordingly, it is ordered that:

1. Plaintiff's Objections are OVERRULED (Dkt. 82);

2. The Report is ACCEPTED (Docket No. 81);

3. Defendants' Motion for Summary Judgment is GRANTED (Dkt. 67);

4. Plaintiff's Motions to Strike and for Sanctions are DENIED (Dkts. 75, 76);

5. This action is DISMISSED with prejudice;

6. Judgment is to be ENTERED accordingly; and

///

///

///

7. The Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

IT IS SO ORDERED.

Date: September 15, 2026

Dale S. Fischer
United States District Judge